## Brandy Unemployment Compensation Case.

636

Argued November 15, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Raymond Thomas Brandy,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY HIRT, J., December 28, 1956:

The claimant Raymond Thomas Brandy first entered the service of the United States Navy on February 4, 1941. He received an honorable discharge on June 22, 1950 and re-enlisted the following day. He remained in active service until August 17, 1954. On that date he was involuntarily separated from the service by a discharge designated as "Other than Honorable". He thereafter filed claims for benefits under §407 of our Unemployment Compensation Law as last amended by the Act of September 29, 1951, P. L. 1580,

43 PS §807. Section 407 in part provides: "An individual who shall have served in the active military or naval service of the United States . . . at any time after the twenty-fourth day of June, one thousand nine hundred fifty, and prior to the termination of the present emergency, and who shall have been discharged or released from active service *under conditions other than dishonorable,* after active service of ninety days or more, or by reason of an injury or disability incurred in service in line of duty, shall be entitled to payment of compensation in the maximum amount and for the maximum duration provided in this act . . ." (Emphasis added).

The Bureau, without the taking of testimony construed claimant's "Other Than Honorable" discharge as "a discharge under dishonorable conditions" and denied benefits on that ground. The referee on appeal took a contrary view and held that the discharge was not the equivalent of a dishonorable discharge. The referee accordingly concluded: "that the intent and meaning of the Law is to exclude from benefits only those veterans who have received dishonorable discharges. The instant claimant is accordingly eligible to receive benefits." The referee reversed the bureau and awarded benefits. On further appeal, the Board of Review, based on a letter from a Regional Attorney of the Department of Labor of the United States interpreting the phrase "conditions other than dishonorable" reversed the referee and denied benefits.

We are all of the opinion that the record in this case does not support the decision of the board and that the record must be remanded for hearing as to the reasons for claimant's separation from the service and for finding based thereon as to the character of his discharge. A discharge on grounds "other than honor-

able" is not necessarily a dishonorable discharge but may be "under conditions other than dishonorable" which would entitle claimant to benefits.

In arriving at this conclusion we are not ignoring the fact that §407 of our State Act is identical in substance with the Veterans Readjustment Assistance Act of Congress of 1952, 38 U.S.C.A. §991, et seq., which in §997 defines a "veteran", entitled to compensation, thus: "(a) The term 'veteran' means any person who has served in the active service in the Armed Forces at any time on or after June 27, 1950, and prior to such date as shall be determined by Presidential proclamation or concurrent resolution of the Congress, and who has been discharged or released from such active service *under conditions other than dishonorable* after continuous service of ninety days or more, or by reason of an actual service-incurred injury or disability." (Italics added). Under the above Federal Act the Secretary of Labor of the United States is authorized to enter into an agreement with a State agency administering its employment compensation law, 38 U.S.C.A. §991. We understand that such agreement has been entered into with the Unemployment Compensation authorities of this State under which our State agency "will make, as agent of the United States, payments of [unemployment] compensation to veterans." under the Federal Act. Certainly the agreement of the Secretary of Labor with the agency of our State properly may stipulate the conditions under which the State will be entitled to be reimbursed for payments of unemployment compensation made by it under §993(a) of the above Act of Congress. But whether this State ultimately will be entitled to be made whole for any unemployment compensation payments to this claimant is a question which is not before us.

At this stage of the proceeding we are concerned only with the question whether this claimant is entitled to benefits under §407 of our Act.

Order reversed and the record is remanded to the Unemployment Compensation Board of Review for further hearing and determination consistent herewith.